**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIURKA ALVAREZ, *et al*, | Civil Action No.: 19-19703 |
| Plaintiffs, | **OPINION** |
| v. | |
| BOROUGH OF FRANKLIN LAKES, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

**INTRODUCTION**

This matter comes before the Court on defendants' Borough of Franklin Lakes and Franklin Lakes Police Department (together, "Defendants") motion to dismiss the complaint (the "Motion"). ECF No. 3. Niurka and Manuel Alvarez ("Plaintiffs") opposed the Motion (ECF No. 7) and Defendants replied in support (ECF No. 8). Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure, this matter is decided without oral argument. For the reasons set forth below, the Motion to dismiss is **GRANTED**.

**BACKGROUND**

Plaintiffs filed the complaint (the "Complaint") in this action on November 1, 2019, asserting claims for violation of their Fourth Amendment rights under 42 U.S.C. §1983 (the "Section 1983 claim"), trespass, and abuse of process. ECF No. 1. These claims arise out of a February 17, 2017 incident in which Officer Blum ("Blum") of the Franklin Lakes Police Department entered Plaintiffs' property while investigating a complaint about a loose dog. ECF No. 1 at 2. While on Plaintiffs' property, Blum discharged his weapon and shot himself in the foot. Id. at 3. Soon afterward Blum initiated a personal injury suit against Plaintiffs in the

1

Superior Court of New Jersey, Law Division, Bergen County (the "State Court Action"). Id. Blum asserted claims of negligence and strict liability pursuant to the New Jersey dog bite statute codified at N.J.S.A. 4:19-16, *et seq*. ECF No. 3-2 at 2. In response, Plaintiffs filed an answer and asserted a counterclaim of trespass against Blum. Id. In the counterclaim, Plaintiffs claimed that Blum was acting outside the scope of his employment when he entered their yard and was thus a trespasser. Id. Plaintiffs moved for summary judgment. Id. The motion was denied by the court as it found that Blum was performing his duties as a police officer and had not become a trespasser when he entered Plaintiffs' lawn. Id. On October 8, 2019, the parties to the State Court Action voluntarily dismissed all claims and counterclaims with prejudice. Id. at 3.

In the instant Complaint Plaintiffs allege that Defendants, through their agent Blum, acted to violate their Fourth Amendment rights and trespassed onto their property. ECF. No. 1 at 4–6. They also allege that Defendants committed an abuse of process by encouraging Blum to pursue an illegitimate legal claim against Plaintiffs for the purpose of covering their own malfeasance and recovering the workers' compensation they had paid him due to his accidental shooting. Id.

Defendants argue that Plaintiffs have failed to state a claim and that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 3-2 at 1. Specifically, Defendants contend that all three claims in this suit arise out of an incident for which there was already prior litigation and are barred under the entire controversy doctrine. Id. at 5–6. Additionally, Defendants assert that Plaintiffs' claim that Blum was acting as an agent of the Franklin Lakes Police Department is barred based on the doctrine of judicial estoppel which prevents litigants from taking, in bad faith, a position which is inconsistent with the position they took in a prior proceeding. Id. at 7. Defendants further state that Plaintiffs' claim that Blum was a trespasser on their property is barred by the law of the case doctrine which directs courts to refrain from re-deciding issues that were resolved in earlier litigation. Id. at 10. Additionally,

Defendants maintain that the Section 1983 claim and abuse of process claims fail as a matter of law. Id. at 11. They argue that Blum, in performing his duties as a police officer, was compelled to deal with the dangerous dog on Plaintiffs' property and therefore his entering of the property was not an unreasonable search under the Fourth Amendment. Furthermore, they posit that the abuse of process tort requires evidence of further acts taken by a defendant to misuse the legitimate purposes of process and that Plaintiffs have failed to plead any "further acts" which show defendants abused process. Id. at 14

## **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadvside*

210–11 (3d Cir. 2009) (internal citations and quotation marks omitted).

**DISCUSSION**

The Court agrees with Defendants that the Complaint must be dismissed at this time. The Court finds that, as currently pled, Plaintiffs' Section 1983 claim and trespass claim are barred by the entire controversy doctrine. Plaintiffs admit that their abuse of process claim must be dismissed as currently pled and the Court will dismiss that claim without further discussion. ECF No. 7 at 9 ("Plaintiff concedes the arguments surrounding abuse of process, and will not belabor the court with argument about this point.").

**I.  Entire Controversy Doctrine**

The entire controversy doctrine requires "parties to an action to raise all transactionally related claims in that same action." *Carrington Mortg. Servs., LLC v. Moore*, 2020 WL 3067503, at *2 (N.J. Super. Ct. App. Div. June 10, 2020). The doctrine "seeks to impel litigants to consolidate their claims arising from a single controversy whenever possible." *Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C.*, 237 N.J. 91, 98 (2019). When a party fails to assert a claim that "the entire controversy doctrine required be joined in an action, the court has the authority to bar that claim." *Carrington Mortg. Servs., LLC*, 2020 WL 3067503, at *2. This doctrine also applies to counterclaims as "[t]he entire controversy doctrine requires litigants in a civil action to raise all affirmative claims arising from a single controversy that each party might have against another party, including counterclaims and cross-claims." *Zahl v. N.J. Dep't of Law & Pub. Safety*, No. 06-3749, 2009 U.S. Dist. LEXIS 85526, 20 (D.N.J. Sep. 18, 2009) (citations and quotation marks omitted).

The entire controversy doctrine is an equitable doctrine whose application is left to the discretion of the court based on the circumstances of the case. The doctrine should not be applied "where to do so would be unfair in the totality of the circumstances and would not promote any

of its objectives, namely, the promotion of conclusive determinations, party fairness, and judicial economy and efficiency." *Dimitrakopoulos*, 237 N.J. at 114 (quoting *K-Land*, 173 N.J. at 70). Here, the controversy giving rise to Plaintiffs' Section 1983 claim and trespass claim was the February 17, 2017 incident in which Blum entered Plaintiffs' property and shot himself in the foot, which was also the controversy that gave rise to the State Court Action. When Blum initiated a personal injury lawsuit stemming from this incident, the assertion of any other claims arising from the February 17, 2017 incident, including Plaintiffs' potential Section 1983 and trespass counterclaims, was required by the entire controversy doctrine. Plaintiffs failed to assert these claims during the initial litigation and those claims are now barred. *Duffy v. Wells Fargo Bank, N.A.*, No. 16-4453, 2017 WL 2364196, at *8 (D.N.J. May 31, 2017) ("Plaintiffs voluntarily chose not to raise any defenses or counterclaims in the state action. Accordingly, the entire controversy doctrine operates to preclude Plaintiffs from asserting Counts Four through Eight in the federal Complaint.").

Plaintiffs argue that the entire controversy is inapplicable in this case as there are different parties in this action and the State Court Action. ECF No. 7 at 3–4. This argument is unpersuasive, and contrary to the express rulings of the New Jersey Supreme Court on the entire controversy doctrine. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 456 (D.N.J. 2002) (quoting *DiTrolio v. Antiles,* 142 N.J. 253, 267–68, (1995) ("The New Jersey Supreme Court has explained that the main test to determine whether the entire controversy doctrine applies is whether 'the claims against the different parties arise from related facts or the same transaction or series of transactions.' This is because '[i]t is the core set of facts that provides the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding.' Thus, though the parties and the claims in the second suit may be different than those in the first suit, the second suit may still be barred if it concerns the series of transactions that

are already at issue in the first suit."). Plaintiffs' argument is further weakened by the fact that they allege here that Blum was acting as an agent of Defendants, thereby acknowledging that their claims in the State Court Action and the claims here are related and both stem from Blum's actions on February 17, 2017. *See* ECF No. 7 at 4 ("Alvarez is suing Franklin Lakes for Blum's actions as a police officer.").

Given the circumstances of this case, the Court finds that barring Plaintiffs' Section 1983 and trespass claims comports with equitable principles. Plaintiffs had the opportunity to assert these claims during the personal injury action, chose not to, and voluntarily dismissed their counterclaims. Additionally, barring the Section 1983 claim and trespass claim[1] promotes judicial economy and efficiency by not allowing Plaintiffs to assert claims that could have and should have been asserted in previous litigation.[2]

---

[1] Even if the Section 1983 claim and trespass claim were not barred by the entire controversy doctrine, Defendants argue that they both fail based on the law of the case doctrine which states that courts should refrain from re-deciding issues that were resolved in earlier litigation. *See Pub. Interest Research Grp.,* 123 F.3d at 116. Defendants assert that in the State Court Action the Honorable John D. O'Dwyer found that "Blum responded to the property of plaintiffs as a part of his caretaking function and, in performing his duties as a police officer, was compelled to deal with the concern of dangerous dogs, therefore, Blum was not a trespasser at the time of the incident." ECF No. 3-2 at 2. Plaintiffs contend that the law of the case doctrine is inapplicable here as it is intended to be used in a single continuing lawsuit and because Judge O'Dwyer did not dismiss the trespass claim, but instead denied summary judgment to Plaintiffs on that claim. ECF No. 7 at 8. The Court will not reach this issue at this point in light of its finding that the entire controversy applies here, but notes that Plaintiffs have provided no reason to disturb Judge O'Dwyer's finding that Blum was not a trespasser and entered Plaintiffs' property properly pursuant to his duties as a police officer.

[2] Defendants also argued that Plaintiff's claims are barred by the doctrine of judicial estoppel. *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) ("Judicial estoppel . . . is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding.").The doctrine of judicial estoppel has three elements: (1) a litigant takes two positions which are irreconcilably inconsistent; (2) the positions are taken in "bad faith;" and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity. *Danise v. Saxon Mortg. Servs.*, 738 F. App'x. 47, 50 (3d Cir. 2018). It is not clear to the Court that

**CONCLUSION**

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order accompanies this Opinion.

**SO ORDERED.**

DATE: August 26, 2020

                                                                                    **CLAIRE C. CECCHI, U.S.D.J.**

---

the claims in this case should be barred by the doctrine of judicial estoppel because there is no evidence that Plaintiffs changed their position in bad faith, however the Court need not reach this issue in this Opinion as the Court has found that all of Plaintiffs' claims must be dismissed for the independent reasons discussed above.